IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY L. THOMPSON, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:16CV834–HEH
)
DR. WIEDEMANN, *et. al*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Granting Motion to Dismiss)

Anthony L. Thompson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Thompson contends that Defendants[2] denied him adequate dental care during his incarceration in the Greensville Correctional Center ("GCC"). The matter is before the Court on the Motion to Dismiss (ECF No. 21) filed by Defendants Dr. Wiedemann, DDS, and Dr. Barnwell, DDS ("Defendants"). Thompson has responded. (ECF No. 26.) For the reasons stated below, Defendants' Motion to Dismiss will be granted.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Thompson names as Defendants: Dr. Wiedemann, DDS; Dr. Plapp, DDS; R. Allen, a Dental Assistant; Dr. Velma Barnwell, DDS; K.L. Whitehead, Ombudsman; C. Parker, Assistant Warden; H.C. Ray, Health Services Director; S. Tapp, Ombudsman; and D.Y. Kinsley, Law Librarian.

# I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF RELEVANT ALLEGATIONS

In his Complaint (ECF No. 1),[3] Thompson alleges that Defendants denied him adequate dental care during his incarceration in the GCC, in violation of the Eighth Amendment.[4] As relevant to the Motion to Dismiss, Thompson alleges:[5]

---

[3] Thompson did not place his claims on the standardized form, but instead attached a document to the complaint form that contains all of his allegations and claims. ("Compl. Attach.," ECF No. 1-1.) The Court employs the pagination assigned to the Complaint and its attachments by the CM/ECF docketing system. The Court omits the numbering and corrects the punctuation, spelling, and capitalization in quotations from the Complaint and attachments.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[5] The Court only provides the allegations pertaining to Defendants Wiedemann and Barnwell in the summary of the relevant allegations. The Complaint contains many more allegations against the remaining defendants.

> Plaintiff arrived at Greensville Correctional Center in December 2013. There was no oral exam performed by dental upon arrival. Violating dental operating procedure 720.6.
>
> On September 08, 2014, after submitting numerous requests, and grievance forms for pain, Plaintiff was seen by Dr. Wiedemann who performed S.O.A.P. procedure according to dental operating procedure 720.6. He then had Plaintiff scheduled to have #31 restored.
>
> On October 20, 2014, Dr. Wiedemann partially restored #18, #19. These teeth were not causing pain. He applied a desensitizing agent to #31. He did not restore it as scheduled.
>
> On June 21, 2015, Plaintiff submitted [an] informal complaint to address pain due to not being scheduled accordingly.
>
> On June 30, 2015, Dental Assistant R. Allen responded, "You were Dr. Wiedemann's patient, who is no longer here . . . ."
>
> On August 17, 2015, Plaintiff submitted [an] informal complaint about pain from ear and headaches caused by infected tooth.
>
> On August, 20, 2015, Plaintiff submitted an emergency grievance (#82535) because of the constant pain and lack of appetite. Was later treated as a non-emergency.

(Compl. Attach. 3–4.)

> On January 21, 2016, Plaintiff submitted an emergency grievance. On the same day, Plaintiff was diagnosed as having an abscess. Plaintiff was placed on antibiotics, and Ibuprofen, and was scheduled for [an] extraction.
>
> . . . .
>
> On March 24, 2016, Plaintiff submitted emergency grievance (see exhibit C) and complained of pain coming from the abscess diagnosed by defendant Dr. Brown.
>
> Response: Does not meet the definition of an emergency, "We will bring you over today for an evaluation." If not an emergency, why have Plaintiff over to evaluate a problem already diagnosed?
>
> . . . .
>
> On April 26, 2016, Plaintiff submitted an emergency grievance because of pain from abcess [sic]. Defendant Dr. Brown prescribed a lower dosage of the same prescription and was told I was approved for oral surgery.

(*Id.* at 6–7.)

Thompson seeks declaratory judgment and monetary damages. (*Id.* at 11.)

4

The Court construes the Complaint as raising the following claims for relief:[6]

| | |
|---|---|
| Claim One: | Defendant Wiedemann denied Thompson adequate medical care by:<br>(a) restoring two different teeth that were not causing him pain;<br>(b) not performing a restoration of tooth #31 on the date it was scheduled to be restored. (*Id.* at 8–9.) |
| Claim Two: | Defendant Barnwell denied Thompson adequate medical care by "sign[ing] off on the emergency grievance as a non-emergency" when Thompson had "inform[ed] her of the pain he was experiencing and why" and if she had "checked [his] dental chart, she would have seen the history of previous infections." (*Id.* at 9.) |
| Claim Three: | Defendant Plapp denied Thompson adequate medical care for his tooth. (*Id.*) |
| Claim Four: | Defendant Whitehead denied Thompson adequate medical care when she "generated the report for the grievance concerning the infected tooth" without investigating his dental history. (*Id.* at 9–10.) |
| Claim Five: | Defendant Parker denied Thompson adequate medical care when she denied a grievance as unfounded without any investigation. (*Id.* at 10.) |
| Claim Six: | Defendant Ray denied Thompson adequate medical care by denying a Level II response as unfounded. (*Id.*) |
| Claim Seven: | Defendant Tapp denied Thompson adequate medical care by signing a grievance Thompson submitted. (*Id.*) |

---

[6] Thompson raises seven claims for relief in his Complaint, all pertaining to purported deliberate indifference to his pain in Tooth # 31. Only Claims One and Two against Defendants Wiedemann and Barnwell are set forth completely here as they are the only claims before the Court with regard to the Motion to Dismiss. Claims Three through Seven are set forth in a summary fashion because they are not presently before the Court.

5

## III. ANALYSIS

### A. Defendant Barnwell

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). In his "FACTS" section, Thompson alleges no facts pertaining to Defendant Barnwell's purported violation of Thompson's Eighth Amendment rights. The only place that Thompson mentions Defendant Barnwell is in his statement of "LEGAL CLAIMS." Here, Thompson states, in sum:

> Defendant Barnwell received an emergency grievance from the Plaintiff informing her of the pain he was experiencing and why. The Defendant signed off on the emergency grievance as a non-emergency. If the Defendant would have checked the Plaintiff's dental chart, she would have seen the history of previous infections. The Defendant neglected to see the Plaintiff knowing what an infection can lead to. Defendant

6

> Barnwell's actions violated Plaintiff's rights under the Eighth Amendment . . . .

(Compl. Attach. 9.) As mentioned above, in the body of his Complaint, Thompson did not allege that Defendant Barnwell responded to any of the three emergency grievances that he claims he filed. For the first time in his Reply to the Motion to Dismiss, Thompson states:

> The only fact of Defendant was that Defendant Barnwell stated it was not an emergency. At this time, the Plaintiff was on antibiotics for some time and was not treated while on them. The Complaint does in fact identify Dr. Barnwell signing off on an emergency grievance on September 9, 2015. Dr. Barnwell saw the issue and failed to call Plaintiff in the clinic to be taken care of. This is negligence.

(Reply 3, ECF No. 26.) Contrary to Thompson's suggestion in his Reply, the Complaint contains no reference to Defendant Barnwell responding to an emergency grievance except for in the "LEGAL CLAIMS" section. Even if the Court considers this as a newly alleged fact against Defendant Barnwell, Thompson fails to allege sufficient facts to show that Defendant Barnwell was deliberately indifferent to his Eighth Amendment rights.

In sum, Thompson alleges that he submitted an emergency grievance "informing her of the pain he was experiencing" and that Defendant Barnwell denied the emergency grievance as a non-emergency. (Compl. Attach. 9.) Thompson fails to allege that Defendant Barnwell had any direct involvement in the decisions about Thompson's dental care. Thus, he fails to show that she possessed personal knowledge of Thompson's dental treatment or particular dental needs. Thompson's brief mention of Defendant Barnwell alleges that Defendant Barnwell received Thompson's one

emergency grievance about his "pain he was experiencing and why." (*Id.*) While an inmate's letters to prison administrators may establish a basis for § 1983 liability, the plaintiff must allege facts that suggest "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thompson must allege that because of the purported grievance, Defendant Barnwell "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Id.* at 994 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Thompson's Complaint lacks any detail about the content or manner of transmission of his one alleged communication to Defendant Barnwell. Thus, Thompson's vague allegations fall short of permitting the conclusion that his one emergency grievance placed Defendant Barnwell on sufficient notice of an excessive risk to Thompson's health or safety. *See id.* As such, Thompson's limited factual allegations against Defendant Barnwell fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683). Thompson fails to allege sufficiently that Defendant Barnwell actually perceived that Thompson faced a substantial risk of serious harm from merely "signing off" that Thompson's grievance was not an emergency. (Compl. Attach. 9.) Accordingly, Thompson insufficiently states an Eighth Amendment claim against Defendant Barnwell.

In addition, for the first time in his Reply, Thompson claims that Defendant Barnwell's actions amount to "negligence." (Reply 3.) The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). However, "individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury." *Ball v. City of Bristol, Va., Jail*, No. 7:10CV00303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Thompson's assertion that Defendant Barnwell's actions amount to negligence does not state a claim of constitutional dimension. *See Deavers v. Diggins*, No. 3:13–CV–821, 2015 WL 692835, at *4 (E.D. Va. Feb. 18, 2015) (citing *Farmer*, 511 U.S. at 835, 836); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).[7] As Thompson has failed to state a claim against Defendant Barnwell, Claim Two will be DISMISSED WITHOUT PREJUDICE.

### B. Defendant Wiedemann

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,'" and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v.*

---

[7] Thompson alleged no negligence claim in his Complaint. To the extent that Thompson now desires to bring a state law claim of negligence against Defendant Barnwell, his claim would be barred by Virginia's one-year statute of limitations for such actions. *See* Va. Code Ann. § 8.01–243.2 (West 2017). Thompson contends that Defendant Barnwell indicated that his grievance was not an emergency on September 9, 2015; thus, in order for his negligence claim to be timely, he needed to file his Complaint by September 9, 2016. Thompson's complaint was received in the prison mail room on October 5, 2016, nearly a month after the time limit expired. (ECF No. 1–3, at 2); *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

*Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

In the context of delayed medical care, in addition to demonstrating that a medical need was objectively serious, a plaintiff must also establish that the delay in the provision of medical care "'resulted in substantial harm.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)); *see Webb v. Hamidullah*, 281 F. App'x 159, 165 (4th Cir. 2008). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Shabazz v. Prison Health Servs., Inc.*, No. 3:10CV190, 2012 WL 442270, at *5 (E.D. Va. 2012) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer*, 511 U.S. at 837. "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not

11

expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, "[i]t may not be seriously contended that any prisoner detained for however short a period is entitled to have all his needed elective medical care performed while in custody . . . ." *Kersh v. Bounds*, 501 F.2d 585, 589 (4th Cir. 1974).

According to Thompson, on September 8, 2014, Doctor Wiedemann decided that Thompson needed tooth #31 restored and scheduled him for a restoration. (Compl. Attach. 4.) However, on October 20, 2014, the day of the scheduled restoration, Dr. Wiedemann restored two different teeth that were "not bothering" him, and did not restore tooth #31, but instead placed a desensitizing agent on it. (*Id.* at 4, 8.) After October 20, 2014, Thompson did not submit an informal grievance "to address pain due to not being scheduled accordingly," until June 21, 2015. (*Id.* at 4.) Thompson received a response to his grievance by Defendant Allen on June 30, 2015, informing him that Defendant Wiedemann was no longer working at GCC. (*Id.*) In essence, Thompson faults Defendant Wiedemann because he disagrees with the course of treatment he received for his teeth. Specifically, the Court construes Thompson to argue that Defendant Wiedemann denied Thompson adequate dental care when he restored two teeth that were not bothering Thompson (Claim One (a)) and that he denied him adequate

medical care by not restoring tooth #31 during the scheduled appointment (Claim One (b)).[8]

Thompson's allegations make clear that he received significant medical care for his teeth, including tooth #31. Thompson alleges that Defendant Wiedemann examined and treated him on two occasions. The first visit was a dental exam and assessment where Defendant Wiedemann determined that Thompson needed to have a restoration of tooth #31. While Defendant Wiedemann initially scheduled Thompson to have tooth #31 restored, Thompson's allegations make clear that on the date of the scheduled restoration, Defendant Wiedemann instead, restored two different teeth, and placed a desensitizing agent on tooth #31 during that appointment. It is unclear from the record before the Court why Defendant Wiedemann determined that he would not restore tooth #31 that day, but he nevertheless provided Thompson with dental care for that tooth and others.

Thompson fails to allege facts indicating that Defendant Wiedemann knew of and disregarded an excessive risk of harm to Thompson's health by restoring two different teeth and not restoring tooth #31 during the second appointment. Defendant Wiedemann treated three of Thompson's teeth on October 20, 2014, including the tooth that Thompson alleges was causing him pain. In response to Thompson's allegations of pain, Defendant Wiedemann placed a desensitizing agent on that tooth to ease Thompson's pain. Thompson fails to plausibly allege that Defendant Wiedemann's treatment was "so

---

[8] Prior to Thompson's discussion of Defendant Wiedemann's involvement in his dental care, Thompson indicates that he was not seen for a dental exam upon his admission to GCC in violation of operating procedure. (Compl. Attach. 3; see Reply 2.) Thompson alleges no plausible personal involvement by Defendant Wiedemann in the failure to schedule a dental exam upon his admission to GCC.

grossly incompetent, inadequate, or excessive as to shock the conscience." *Miltier*, 896 F.2d at 851 (citation omitted). Moreover, "whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Thompson alleges no extreme circumstances here. *See, e.g., Martinez v. Mancusi*, 443 F.2d 921, 924–25 (2d Cir. 1970) (granting relief when prison doctor forced prisoner plaintiff, without hospital ordered pain medication, to walk out of hospital and stand for meals after plaintiff had leg surgery for which hospital specialist had ordered plaintiff to lie flat and not to walk). Despite Thompson's desire to have tooth #31 restored that day, Thompson simply lacks entitlement to the medical care of his choosing. *See Wright*, 766 F.2d at 849 (citation omitted); *Hudson*, 503 U.S. at 9 (1992) (citation omitted). Thompson states nothing more than a disagreement with Defendant Wiedemann's professional medical opinion about the appropriate course of treatment, and thus fails to state a cognizable constitutional claim, much less deliberate indifference. *See Wright*, 766 F.2d at 849 (citing *Gittlemacker*, 428 F.2d at 6).

Additionally, in assessing a claim of deliberate indifference, the Court must also consider the totality of the medical care provided, rather than simply what additional treatment the inmate was denied. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000) (citing *Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999)). During September and October 2014, Defendant Wiedemann examined Thompson, restored two different teeth, and then placed a desensitizing agent on tooth #31 in response to Thompson's complaint of pain. Given these circumstances, Thompson fails to allege facts indicating that

Defendant Wiedemann acted with deliberate indifference on October 20, 2014, when he restored two teeth that were not bothering Plaintiff and declined to restore tooth #31. Thus, Thompson fails to state an Eighth Amendment claim against Defendant Wiedemann, and Claims One (a) and (b) will be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss (ECF No. 21) will be granted. Claims One and Two will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 13, 2017
Richmond, Virginia