IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY L. THOMPSON,         )
                             )
      Plaintiff,             )
                             )
v.                           )        Civil Action No. 3:16CV834–HEH
                             )
DR. WIEDEMANN, *et. al*,     )
                             )
      Defendants.            )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

Anthony L. Thompson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Thompson contends that Defendants[2] denied him adequate dental care during his incarceration in the Greensville Correctional Center ("GCC"). The matter is before the Court on the Motion to Dismiss (ECF No. 55) filed by Defendant D.Y. Kinsley and on the Court's duties under 28 U.S.C. §§ 1915(e)(2)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] Thompson named as Defendants: Dr. Wiedemann, DDS; Dr. Plapp, DDS; R. Allen, a Dental Assistant; Dr. Velma Barnwell, DDS; K.L. Whitehead, Ombudsman; C. Parker, Assistant Warden; H.C. Ray, Health Services Director; S. Tapp, Ombudsman; and D.Y. Kinsley, Law Librarian. By Memorandum Opinion and Order entered on December 14, 2017, the Court dismissed the claims against Defendants Barnwell and Wiedemann. (ECF Nos. 52, 53.) By Memorandum Opinion and Order entered contemporaneously, the Court granted summary judgment and dismissed the claims against Defendants Plapp, Allen, Whitehead, Parker, Ray, and Tapp. The only remaining Defendant is D.Y. Kinsley.

and 1915A. Despite the provision of *Roseboro* notice (ECF No. 57), Thompson has not responded. For the reasons stated below, Defendant Kinsley's Motion to Dismiss will be granted.

## I. STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin

2

by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on

3

the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF RELEVANT ALLEGATIONS

In his Complaint (ECF No. 1),[3] Thompson alleges that Defendant Kinsley denied him adequate dental care during his incarceration in the GCC, in violation of the Eighth Amendment.[4] Thompson did not include Defendant Kinsley in the caption of his Complaint. Rather, in his list of Defendants, he alleged the following: "D.Y. Kinsley is currently employed [at the] Greensville Correctional Center, and is in charge of the Law Library. She is being sued in her individual capacity.'" (Compl. Attach. 3.) In the body of his Complaint, Thompson alleges, in sum: "On February 24, 2016, the grievance was dismissed by D.Y. Kinsley as 'the issue in the grievance is different from the issue in the informal complaint." (*Id.* at 6.) Thompson identified no claim against Defendant Kinsley in his section entitled "LEGAL CLAIMS." (*Id.* at 8–11.) Thompson seeks declaratory judgment and monetary damages. (*Id.* at 11.)

## III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of

---

[3] Thompson did not place his claims on the standardized form for filing a §1983 action, but instead attached a document to the complaint form that contains all of his allegations and claims. ("Compl. Attach.," ECF No. 1-1.) The Court employs the pagination assigned to the Complaint and its attachments by the CM/ECF docketing system. The Court omits the numbering and corrects the punctuation, spelling, and capitalization in quotations from the Complaint and its attachments.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.
4

a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In his current Complaint, Thompson fails to identify the particular constitutional right that was violated by Defendant Kinsley's conduct. For this reason alone, Thompson's claim against Defendant Kinsley can be dismissed.

Even generously construing Thompson to argue that Defendant Kinsley violated Thompson's Eighth Amendments rights when she dismissed his grievance, Thompson fails to state a claim for relief. As a preliminary matter, "there is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Because Thompson enjoys no constitutional right to participate in grievance proceedings, his allegation that Defendant Kinsley improperly dismissed his grievance is legally frivolous. *See Banks v. Nagle*, Nos. 3:07CV–419–HEH, 3:09CV14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009) (citation omitted). Moreover, simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v.*

5

*Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007). To the extent that Thompson argues that Defendant Kinsley violated his rights by simply dismissing his grievance, this claim will be dismissed.

With respect to an allegation that Defendant Kinsley somehow violated his Eighth Amendment rights when she dismissed a grievance that he submitted, presumably complaining about his dental care, Thompson fails to state a claim for relief. As a law librarian, Thompson fails to allege that Defendant Kinsley had any direct involvement in the decisions about Thompson's dental care. Thus, he fails to show that she possessed personal knowledge of Thompson's dental treatment or particular dental needs. While an inmate's letters to prison administrators may establish a basis for § 1983 liability, the plaintiff must allege facts that suggest "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thompson must allege that because of the purported grievance, Defendant Kinsley "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Id.* at 994 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Thompson's Complaint lacks any detail about the content or manner of transmission of his one alleged communication to Defendant Kinsley. Thus, Thompson's vague allegations fall short of permitting the conclusion that his one grievance placed Defendant Kinsley on sufficient notice of an excessive risk to Thompson's health or safety. *See id.* As such, Thompson's limited factual allegations against Defendant

Kinsley fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683). Thompson fails to allege sufficiently that Defendant Kinsley actually perceived that Thompson faced a substantial risk of serious harm from merely denying a grievance for procedural errors. Thus, Thompson insufficiently states an Eighth Amendment claim against Defendant Kinsley. Accordingly, the Motion to Dismiss will be granted.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss (ECF No. 55) will be granted. Any claim against Defendant Kinsley is dismissed. Thompson's Complaint and the action are dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 29, 2018
Richmond, Virginia